UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JULIO LEE HERNANDEZ
and other similarly situated individuals,

    Plaintiff(s),

v.

GALENOS MEDICAL CENTER CORP.
and MARIA C. ELOY, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JULIO LEE HERNANDEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants GALENOS MEDICAL CENTER CORP. and MARIA C. ELOY individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JULIO LEE HERNANDEZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant GALENOS MEDICAL CENTER CORP. (hereinafter GALENOS MEDICAL CENTER, or Defendant) is a Florida corporation having

its main place of business in Miami-Dade County, Florida, where the Plaintiff worked for Defendant. At all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendant MARIA C. ELOY was and is now the owner/partner/president, and she directed operations of GALENOS MEDICAL CENTER. Defendant MARIA C. ELOY is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff JULIO LEE HERNANDEZ, and other similarly situated employees to recover from the Defendants overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant GALENOS MEDICAL CENTER is a medical center that provides a complete range of medical services including transportation services.

8. Defendants GALENOS MEDICAL CENTER and MARIA C. ELOY employed Plaintiff JULIO LEE HERNANDEZ as a non-exempt local driver, approximately from November 14, 2018 to April 22, 2020 or 75 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 70 weeks, because Plaintiff

did not work overtime hours since approximately March 15, 2020, (the beginning of the Coronavirus quarantine in Dade County).

9. Within his time of employment, Plaintiff was paid at the wage rate of $11.00, $12.00, and $12.50 an hour. Plaintiff worked at the medical center located at 8504 NW 103 ST. Hialeah Gardens, FL 33016.

10. Plaintiff's duties consisted of transporting patients from their homes to the medical center, taking them to specialists' medical appointments, and then returning patients back home.

11. During his employment with Defendants, Plaintiff had a regular schedule, he worked 5 days per week from Monday to Friday, within the timeframe from 5:30 AM, to 3:00 PM, depending on the needs of the patients. Plaintiff completed a minimum of 45 hours every week. The Plaintiff was unable to take bonafide lunch breaks.

12. In addition, during the relevant period of employment, after completing his daily shifts, Plaintiff and other similarly situated drivers, worked at home in a clerical capacity. On Mondays, Tuesdays, Wednesdays, Thursdays, and Sundays, Plaintiff worked at home making telephone calls to confirm scheduled patients to be transported the following day. Plaintiff employed at least 2 hours every day to confirm the transportation of elderly patients. Thus, every week the Plaintiff spent an average of 10 additional uncompensated off-the-clock overtime hours.

13. Consequently, Plaintiff worked a total average of 55 hours, or 15 overtime hours weekly. However, he was paid for only 2.5 overtime hours. There is a substantial

number of overtime hours that were not paid to Plaintiff at any rate. Not even at the minimum wage rate.

14. Plaintiff was paid for 40 regular hours, plus 2.5 overtime hours at the correct overtime rate. Nevertheless, Plaintiff was not paid for all his overtime hours as required by the Fair Labor Standards Act.

15. During the relevant time of employment, Plaintiff did not clock in and out, but the Defendants were in complete control of Plaintiff's working hours, and they were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

16. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

17. Plaintiff was paid bi-weekly with checks and paystubs that did not show the real number of days and hours worked.

18. On or about December 2019, Plaintiff began complaining about his wages with his supervisor Arsenio LNU.  Plaintiff also complained about the lack of overtime pay. Plaintiff complained about overtime pay for the last time on or about the first week of February.

19. As a result, on or about April 22, 2020, the Plaintiff was fired using pretextual reasons.

20. The Plaintiff is not in possession of time and payment records, and he does not remember the dates in which his wage-rates were raised. However, he will provide

a good faith estimate based only on his last wage-rate of $12.50 an hour. After proper discovery, the Plaintiff is going to amend his statement of claim.

21. Plaintiff JULIO LEE HERNANDEZ seeks to recover retaliatory damages, unpaid overtime hours, liquidated damages, and any other relief as allowable by law.

22. The additional persons who may become Plaintiffs in this action, are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

23. Plaintiff JULIO LEE HERNANDEZ re-adopts every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This action is brought by Plaintiff JULIO LEE HERNANDEZ and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

25. This cause of action is brought by Plaintiff JULIO LEE HERNANDEZ as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

26. Defendant GALENOS MEDICAL CENTER was and is engaged in interstate commerce pursuant to 29 U.S. Code § 203 (r) (2) (C) and 203 (s) (1) (C). Defendant provides medical services and receives payments from Medicare and Medicaid. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involved those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

27. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, the Plaintiff was a driver, and through his daily

activities, used the channels of interstate commerce and transported patients recipients of Medicare and Medicaid. Therefore, there is individual coverage.

28. Defendants GALENOS MEDICAL CENTER and MARIA C. ELOY employed Plaintiff JULIO LEE HERNANDEZ as a non-exempt local driver, approximately from November 14, 2018, to April 22, 2020 or 75 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 70 weeks, because Plaintiff did not work overtime hours since the beginning of the Coronavirus quarantine in Dade County.

29. Within his period of employment, Plaintiff was paid at the wage rate of $11.00, $12.00, and $12.50 an hour. Plaintiff worked at the medical center located at 8504 NW 103 ST. Hialeah Gardens, FL 33016.

30. Plaintiff's duties consisted of transporting patients from their homes to the medical center, taking them to specialists' medical appointments, and then returning patients back home.

31. During his employment with Defendants, Plaintiff had a regular schedule, he worked 5 days per week from Monday to Friday, a minimum of 45 hours every week. The Plaintiff was unable to take bonafide lunch breaks.

32. In addition, during the relevant period of employment, Plaintiff worked making telephone calls to confirm scheduled patients to be transported the following day, an average of 10 additional, uncompensated off-the-clock overtime hours.

33. Consequently, Plaintiff worked a total average of 55 hours, or 15 overtime hours weekly. However, he was paid for only 2.5 overtime hours. There is a substantial

number of overtime hours that were not paid to Plaintiff at any rate. Not even the minimum wage rate.

34. Plaintiff was paid for 40 regular hours, plus 2.5 overtime hours at the correct overtime rate. Nevertheless, Plaintiff was not paid for all his overtime hours as required by the Fair Labor Standards Act.

35. Plaintiff did not clock in and out, but the Defendants were in complete control of Plaintiff's working hours, and they were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

36. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

37. Plaintiff was paid bi-weekly with checks and paystubs that did not show the real number of days and hours worked.

38. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of the Defendants.  However, upon information and belief, the Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

39.  The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

40. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

41. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on a preliminary calculation based on Plaintiff's last wage-rate of $12.50, after proper discovery, Plaintiff will adjust his calculations.

    a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

       Sixteen Thousand Four Hundred Six Dollars and 60/100 ($16,406.60)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment:  75 weeks
       Relevant weeks of employment:  70 weeks
       Total number of hours worked:  55 average weekly.
       Total number of overtime hours: 15 hours weekly
       Total number of paid O/T hours: 2.5 O/T hours weekly
       Total number of unpaid O/T hours:  12.5 hours weekly
       Regular rate: $12.50 an hour x 1.5 =$18.75 O/T rate

       O/T rate $18.75 x 12.5 O/T hours=$234.38 wkly x 70 weeks=$16,406.60

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents unpaid overtime wages.

43. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants

to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

44. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

45. At the times mentioned individual Defendant MARIA C. ELOY, was the owner/partner/and directed operations of GALENOS MEDICAL CENTER. Defendant MARIA C. ELOY was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interest of GALENOS MEDICAL CENTER in relation to its employees, including Plaintiff and others similarly situated. Defendant MARIA C. ELOY had operational and financial control of the business, determining terms, and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for the Plaintiff's damages.

46. Defendants GALENOS MEDICAL CENTER and MARIA C. ELOY willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

47. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JULIO LEE HERNANDEZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendants GALENOS MEDICAL CENTER and MARIA C. ELOY based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JULIO LEE HERNANDEZ and those similarly situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

48. Plaintiff JULIO LEE HERNANDEZ re-adopts every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

49. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

50. Defendant GALENOS MEDICAL CENTER was and is engaged in interstate commerce pursuant to 29 U.S. Code § 203 (r) (2) (C) and 203 (s) (1) (C). Defendant provides medical services and receives payments from Medicare and Medicaid. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involved those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

51. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, the Plaintiff was a driver, and through his daily activities, used the channels of interstate commerce and transported patients recipients of Medicare and Medicaid. Therefore, there is individual coverage.

52. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

53. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…."

54. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

55. Defendants GALENOS MEDICAL CENTER and MARIA C. ELOY employed Plaintiff JULIO LEE HERNANDEZ as a non-exempt local driver, approximately from November 14, 2018, to April 22, 2020 or 75 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 70 weeks, because Plaintiff did not work overtime hours since the beginning of the Coronavirus quarantine in Dade County.

56. Within his period of employment, Plaintiff was paid at the wage rate of $11.00, $12.00, and $12.50 an hour.  Plaintiff worked at the medical center located at 8504 NW 103 ST. Hialeah Gardens, FL  33016.

57. Plaintiff's duties consisted of transporting patients from their homes to the medical center, taking them to specialists' medical appointments, and then returning patients back home.

58. During his employment with Defendants, Plaintiff had a regular schedule, he worked 5 days per week from Monday to Friday, a minimum of 45 hours every week. The Plaintiff was unable to take bonafide lunch breaks.

59. In addition, during the relevant period of employment, Plaintiff worked making telephone calls to confirm scheduled patients to be transported the following day, an average of 10 additional, uncompensated off-the-clock overtime hours.

60. Consequently, Plaintiff worked a total average of 55 hours, or 15 overtime hours weekly. However, he was paid for only 2.5 overtime hours. There is a substantial number of overtime hours that were not paid to Plaintiff at any rate. Not even the minimum wage rate.

61. Plaintiff was paid for 40 regular hours, plus 2.5 overtime hours at the correct overtime rate. Nevertheless, Plaintiff was not paid for all his overtime hours as required by the Fair Labor Standards Act.

62. Plaintiff did not clock in and out, but the Defendants were in complete control of Plaintiff's working hours, and they were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

63. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

64. Plaintiff was not in agreement with the number of hours paid and with the lack of pay for overtime hours, and he complained to his supervisor Arsenio LNU beginning December 2019.

65. Plaintiff complained about his wages and overtime with his supervisor Arsenio LNU multiple times.

66. These complaints constituted protected activity under the Fair Labor Standards Act.

67. On or about the first week of February 2020, Plaintiff complained about the last time. Plaintiff complained about getting paid for his working hours less than newly hired employees. Plaintiff complained also about his unpaid hours.

68. On or about April 22, 2020, the Plaintiff was fired using pretextual reasons.

69. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

70. There is proximity between Plaintiff's protected activity and his termination.

71. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

72. At the times mentioned individual Defendant MARIA C. ELOY, was the owner/partner/and directed operations of GALENOS MEDICAL CENTER. Defendant MARIA C. ELOY was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interest of GALENOS MEDICAL CENTER in relation to its employees, including Plaintiff and others similarly situated. Defendant MARIA C. ELOY had operational and financial control of the business, determining terms, and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for the Plaintiff's damages.

73. Plaintiff JULIO LEE HERNANDEZ seeks to recover overtime wages for every hour more than 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

74. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JULIO LEE HERNANDEZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against the Defendants GALENOS MEDICAL CENTER and MARIA C. ELOY that Plaintiff recovers compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants GALENOS MEDICAL CENTER and MARIA C. ELOY to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JULIO LEE HERNANDEZ further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff JULIO LEE HERNANDEZ demands trial by a jury of all issues triable as of right by a jury.

Dated:  May 25, 2020

                                                  Respectfully submitted,

                                                  By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*