UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:20-cv-22162-JEM

JULIO LEE HERNANDEZ,

      Plaintiff/Counter-Defendant,

vs.

GALENOS MEDICAL CENTER CORP.,
and MARIA C. ELOY,

      Defendants/Counter-Plaintiffs.

_____/

### DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

Defendants Galenos Medical Center Corp. and Maria C. Eloy, by their undersigned counsel

and pursuant to the Court's Notice of Court Practices in FLSA Cases of September 2, 2020, hereby

file their Response to Plaintiff Julio Lee Hernandez's Statement of Claim, and state as follows:

I. **Total Amount of Alleged Unpaid Wages:**

    A. **OVERTIME:**

      a. Total amount of alleged half-time unpaid O/T wages: zero.

      b. Calculation of wages: as described in the chart below, Plaintiff was overpaid by at least

        $2,282.44. Thus, there is no overtime owed to Plaintiff.[1]

| Pay Period | Rate | OT Prepaid | OT Worked | Difference | Overpayment |
|---|---|---|---|---|---|
| 11/23/18 - 12/06/18 | $16.50 | 9 | 0.50 | 8.50 | $140.25 |
| 01/19/19 - 02/01/19 | | 5 | 4 | 1 | $16.50 |

---

[1] It is important to note that even assuming that there was unpaid overtime, Plaintiff bases his calculation on a $12.5 an hour rate. However, Plaintiff was not paid $12.5 an hour during the entire period he worked from Defendant. From 11/16/18 to 3/29/19, Plaintiff had a rate of $11 an hour. From 3/30/19 to 1/3/2020, Plaintiff had a rate of $12 an hour. Only starting on 2/7/2020 until 4/24/2020, Plaintiff had a rate of $12.50 an hour, as stated in Plaintiff's Statement of Claim. [D.E. 15].

1

| | | | | | |
|---|---|---|---|---|---|
| 02/16/19 - 03/01/19 | | 5 | 0 | 5 | $82.50 |
| 03/02/19 - 03/15/19 | | 5 | 0 | 5 | $82.50 |
| 03/16/19 - 03/29/19 | | 5 | 0 | 5 | $82.50 |
| 03/30/19 - 04/12/19 | | 5 | 0 | 5 | $90.00 |
| 04/13/19 - 04/26/19 | | 5 | 0 | 5 | $90.00 |
| 04/27/19 - 05/10/19 | | 5 | 0 | 5 | $90.00 |
| 05/11/19 - 05/24/19 | | 5 | 0.25 | 4.75 | $85.50 |
| 05/25/19 - 06/07/19 | | 5 | 0 | 5 | $90.00 |
| 06/08/19 - 06/21/19 | | 5 | 0 | 5 | $90.00 |
| 06/22/19 - 07/05/19 | | 5 | 0 | 5 | $90.00 |
| 07/06/19 - 07/19/19 | | 5 | 0.75 | 4.25 | $76.50 |
| 07/20/19 - 08/02/19 | | 5 | 1.25 | 3.75 | $67.50 |
| 08/03/19 - 08/16/19 | $18 | 5 | 1.25 | 3.75 | $67.50 |
| 08/17/19 - 08/30/19 | | 5 | 0 | 5 | $90.00 |
| 08/31/19 - 09/13/19 | | 4 | 1 | 3 | $54.00 |
| 09/14/19 - 09/27/19 | | 5 | 0 | 5 | $90.00 |
| 09/28/19 - 10/11/19 | | 5 | 0 | 5 | $90.00 |
| 10/12/19 - 10/25/19 | | 5 | 0 | 5 | $90.00 |
| 10/26/19 - 11/08/19 | | 5 | 0 | 5 | $90.00 |
| 11/09/19 - 11/22/19 | | 5 | 0 | 5 | $90.00 |
| 11/23/19 - 12/06/19 | | 5 | 0 | 5 | $90.00 |
| 12/07/19 - 12/20/19 | | 5 | 0 | 5 | $90.00 |
| 01/18/20 - 01/31/20 | | 5 | 0 | 5 | $93.75 |
| 02/15/20 - 02/28/20 | $18.75 | 5 | 0 | 5 | $93.75 |
| 02/29/20 - 03/13/20 | | 5 | 0.75 | 4.25 | $79.69 |

**B. LOST WAGES:**

Defendant denies that Plaintiff is entitled to any lost wages, based on retaliation or otherwise, as stated in Defendant's Amended Answer and Counterclaim [D.E. 9].

**C. Attorney's Fees and Costs:**

Because there was not any unpaid wage to Plaintiff and Plaintiff is not entitled to lost wages based on any retaliation claim, Plaintiff is not entitled to Attorney's fees and cost. For the same reasons, Plaintiff is not entitled to liquidated damages.

## II. **DEFENSES**

1.      Plaintiff's claims are barred because he has sued the wrong parties. Defendants did not cause the alleged harm, if any, to Plaintiff. Therefore, Plaintiff is not entitled to any relief from the named Defendants.

2.      Plaintiff's claims and each and every claim for relief is barred by the applicable statute of limitations. 29 U.S.C. §255(a) bars Plaintiff from seeking damages more than two years prior to the filing of this lawsuit, as any alleged violation by Defendants was not willful.

3.      Plaintiff did not work in excess of 40 hours per week. In any instance in which Plaintiff was at the workplace, or away from the workplace, in excess of 40 hours per week, he did so for personal reasons and, therefore, no compensation is due nor any calculation of work hours necessary or appropriate or legally required for time spent engaging in such personal pursuits.

4.      Plaintiff's claims are barred to the extent Plaintiff is claiming overtime work for work done at home or otherwise away from his place of work, as such work was not done with permission, consent, or knowledge of Defendants.

5.      Plaintiff is not entitled to compensation for "preliminary or postliminary activities," in accordance with the Portal-to-Portal Act, 29 U.S.C. §254.

6.      Any alleged overtime by Plaintiff spent on the job in excess of Plaintiff's work week was *de minimis*, as defined under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207(a)(1), and therefore, Plaintiff is not entitled to compensation.

7.      Plaintiff's claims for damages are barred by the doctrine of laches because Plaintiff continued to work without any extra compensation for the alleged overtime hours worked and continued to do so until the conclusion of his employment without asserting, claiming, or otherwise bringing to the attention of Defendants his claimed entitlement to overtime compensation.

8.      Plaintiff's claims are barred by the doctrines of estoppel and/or estoppel by silence because Plaintiff failed to accurately report hours allegedly worked and/or Defendants were unaware that Plaintiff worked the hours claimed.

9.      Plaintiff failed to mitigate his damages by acts which include: (1) failure to advise Defendants that he was, as alleged in the Complaint, working in excess of 40 hours per week; (2) failure to advise of any objection to working in excess of 40 hours per week; (3) failure to advise Defendants of any practice, policy, or procedure he believed or perceived as being in violation of his legal rights; (4) failure to advise Defendant that his compensation for any given work week was inaccurate, or otherwise not full and complete compensation; and (5) failure to seek similar employment after leaving his employment with Defendants; and therefore, Plaintiff cannot recover against Defendants and/or any recovery should be proportionately reduced as a result of his failure to mitigate damages.

10.      Even if Plaintiff was not compensated for overtime, Defendants did not willfully violate the FLSA. Defendants acted in good faith reliance upon, and in conformity with, official written administrative recommendations, rulings, approvals, administrative interpretations, practices, and/or enforcement policies and procedures of the United States Department of Labor, and in fact, possessed a reasonable, good faith belief that any acts or omissions were not in violation of the FLSA. Therefore, any relief is barred, in whole or in part.

11.      To the extent Plaintiff seeks compensation in this action for anything other than compensable working time, including but not limited to, time spent on leave, vacation, sick leave, on break, or any other time that was not spent predominately for Defendants' benefit, Plaintiff is estopped/barred from claiming such compensation; alternatively, in the event Plaintiff is found to

be entitled to overtime compensation or any other form of compensation, any such award must be reduced and set-off from time spent not working or for time that is otherwise non-compensable.

12.     Plaintiff is not entitled to liquidated damages, even if he can prove a violation of the law, because any acts or omissions giving rise to Plaintiff's claims were undertaken or made in good faith, and Defendants had reasonable grounds for believing that their actions or omissions did not violate the law.

13.     Defendants acted with a lawful, legitimate, non-retaliatory motivation with respect to Plaintiff's employment and termination of employment. Defendants assert the alleged action(s) of which Plaintiff complains, if any, would have been taken for lawful reasons independent of any alleged wrongful motivation, if any. Specifically, Plaintiff's termination was due to a reduction in personnel that was necessary as a result of the COVID-19 pandemic and the subsequent decrease in business activity.

Dated: September 30, 2020

Respectfully submitted,

**Eduardo A. Maura**
Eduardo A. Maura (Fla. Bar 91303)
eduardo@ayalalawpa.com
Luis F. Quesada (Fla. Bar 1010305)
lquesada@ayalalawpa.com
**Ayala Law, P.A.**
1390 Brickell Ave, Ste 335
Miami, FL 33131
Telephone: 305-570-2208
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Eduardo A. Maura**
Eduardo A. Maura (Fla. Bar 91303)
eduardo@ayalalawpa.com
**Ayala Law, P.A.**
1390 Brickell Ave, Ste 335
Miami, FL 33131
Telephone: 305-570-2208
*Attorneys for Defendants*

6

## SERVICE LIST

Zandro E. Palma, Esq.
**The Law Offices of Zandro E. Palma, P.A.**
3100 S Dixie Hwy, Ste 202
Miami, FL 33133
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*


Eduardo A. Maura, Esq.
Luis F. Quesada Machado, Esq.
**Ayala Law, P.A.**
1390 Brickell Ave, Ste 335
Miami, FL 33131
Telephone: (305) 570-2208
eayala@ayalalawpa.com
*Attorneys for Defendants*


Richard D. Tuschman, Esq.
**Richard D. Tuschman, P.A.**
8551 W Sunrise Blvd, Ste 303
Plantation, FL 33322
Telephone: (954) 369-1050
Facsimile: (954) 380-8938
rtuschman@gtemploymentlawyers.com
assistant@gtemploymentlawyers.com
*Attorney for Defendants*