# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND MUTUAL RELEASE

This Confidential Settlement Agreement and Mutual Release ("Agreement") is entered into as of December 14, 2020, by and between (a) Julio Lee Hernandez ("Hernandez") and (b) Galenos Medical Center Corp. ("Galenos") and Maria C. Eloy ("Eloy") Collectively "Defendants." Together Hernandez and Defendants shall be referred to as the "Parties."

### RECITALS

WHEREAS, a dispute has arisen between Hernandez and Defendants regarding alleged unpaid Over Time and Hernandez' termination at Galenos (the "Dispute"); and

WHEREAS, as a consequence of the Dispute, Hernandez commenced a lawsuit against Defendants Captioned <u>Hernandez v. Galenos Medical Center Corp., and Maria C. Eloy</u>, Case No. **Case No. 1:20-cv-22162-JEM** (the "Lawsuit"); and

WHEREAS, the Parties now desire to fully compromise and settle all claims arising out of or with respect to the Dispute and the Lawsuit.

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and for good and valuable consideration, the receipt and sufficiency of which each of the Parties hereby acknowledges, Hernandez and Defendants hereby agree as follows:

1. **Settlement Terms**.

    (a) **Settlement Payment.** As a condition to Hernandez' dismissal of the Lawsuit, Defendants shall pay Hernandez the total sum of Seven Thousand dollars ($7,000.00) (the "Settlement Payment"). The Settlement Payment shall be delivered to Hernandez' counsel on or before December 18, 2020. All funds shall remain in Plaintiff's counsel's Trust until the Court has entered an Order approving the parties' settlement and dismissing the case with prejudice.Payment shall take the form of three (3) checks:

    (1) One check in the amount of **$1,500.00,** subject to payroll tax withholding, made payable to Hernandez, for which a Form W-2 shall be issued to Hernandez;

    (2) One check in the amount of **$1,500.00**, <u>not</u> subject to payroll tax withholding, made payable to Hernandez, for which a Form 1099 shall be issued to Hernandez; and

    (3) One check for attorney's fees and costs in the amount of **$4,000.00**, made payable to Hernandez's counsel., Zandro E. Palma, P.A., for which a Form 1099 shall be issued.

    It is specifically agreed that Hernandez will be fully and completely responsible for paying any and all taxes due on the payments set forth in subsections (2) and (3) above, and that Hernandez has discussed this with his attorney and fully understands his responsibilities.

    (b) **Delivery of Agreement.** Hernandez shall provide an executed copy of this Agreement to counsel for Defendants no later than December 17, 2020.

(c)     **Attorneys' Fees and Costs**. The Parties acknowledge and agree that except as set forth above, they are solely responsible for paying any attorneys' fees and costs they incurred in connection with the Dispute and the Lawsuit, including, but not limited to, attorneys' fees and costs incurred in connection with the negotiation of this Agreement. Neither Party nor its attorney(s) will seek any award of attorneys' fees or costs from the other Party, except as provided herein. The Parties further agree that attorneys' fees and costs may be awarded as set out in the Dispute Resolution section of this Agreement.

(d)     **Court Approval**: The Parties acknowledge that this settlement is subject to Court Approval. Promptly upon execution of this Agreement, the Parties shall file a Joint Motion to Approve Settlement and to Dismiss the Case with Prejudice.

2. **Mutual Release of All Claims**.

In exchange for the Settlement Payment, as described above, Hernandez releases and discharges Defendants from all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, medical costs, pain and suffering, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually incurred), and punitive damages, of any nature whatsoever, whether at law or in equity, known or unknown, which Hernandez has, or may have had, against Defendants, whether or not apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions related to or arising from: (i) the Dispute; (ii) the Lawsuit; (iii) any agreement between the Parties, other than this Agreement; (iv) any other matter between the Parties; and/or (v) any claims under federal, state, or local law, rule, or regulation.

This Agreement resolves any claim for relief that has or could have been alleged by Hernandez against Defendants, no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, damages for humiliation and embarrassment, punitive damages, costs, and attorneys' fees related to or arising from the Dispute.

On the other hand, in exchange for the covenants and conditions outlined in this agreement, as described above, Defendants release and discharge Hernandez from all known and unknown charges, complaints, claims, counter-claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, medical costs, pain and suffering, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually incurred), and punitive damages, of any nature whatsoever, whether at law or in equity, known or unknown, which Defendants have, or may have had, against Hernandez, whether or not apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions related to or arising from: (i) the Dispute; (ii) the Lawsuit; (iii) any agreement between the Parties, other than this Agreement; (iv) any other matter between the Parties; and/or (v) any claims under federal, state, or local law, rule, or regulation.

This Agreement resolves any claim for relief that has or could have been alleged by Defendants against Hernandez, no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages,

damages for humiliation and embarrassment, punitive damages, costs, and attorneys' fees related to or arising from the Dispute

3. **Representations and Warranties.**

(a) **No Outstanding or Known Future Claims or Causes of Action.** Each Party represents and warrants that it has not filed with any governmental agency or court any type of action or report against the other Party other than the Lawsuit, and currently knows of no existing act or omission by the other Party that may constitute a claim or liability excluded from the released claims set out in Section 2, above.

(b) **No Assignment or Transfer of Claims.** Each Party represents and warrants that it is the rightful owner of and has not encumbered, assigned, or transferred, nor will it in the future attempt to encumber, assign, or transfer, any claim for relief or cause of action released herein.

(c) **Parties' Authority to Settle.** Each Party represents and warrants that it has full authority to enter into, deliver, and perform under this Agreement, and that all acts and actions have been taken to grant such authority, and that no third-party consent, which has not already been obtained, is required.

(d) **Signatories' Authority to Execute Agreement.** Each signatory to this Agreement represents and warrants that he or she is authorized to execute this Agreement on behalf of the Party for which he or she executed this Agreement.

4. **Cooperation.**

Each Party agrees to take all actions and to make, deliver, sign, and file any other documents and instruments necessary to carry out the terms, provisions, purpose, and intent of this Agreement.

5. **No Admission of Liability.**

The Parties acknowledge that this Agreement represents a compromise and final settlement of disputed claims and agree that the performance of the conditions and provisions of this Agreement, including the payment and acceptance of the Settlement Payment, is not to be construed as an admission of any liability or wrongdoing whatsoever by any Party to this Agreement.

6. **Confidentiality.** The terms of this confidentiality section are material to this Agreement and their violation shall constitute a breach of this Agreement.

(a) **Nondisclosure Requirements.** Each Party agrees that the terms of this Agreement and its contents (including, but not limited to, the fact of payment and the amounts to be paid hereunder) shall remain confidential and shall not be disclosed to any third party, except: (i) to the Parties' counsel, accountants, financial advisors, and tax professionals retained by them; (ii) to the Parties' management, officers, and Boards of Directors; (iii) to any federal, state, or local governmental taxing or regulatory authority, including in connection with a tax audit or to comply with a tax obligation; (iv) as required by law or in response to a court order or subpoena, after giving notice to the other Party as directed in the Notice section of this Agreement, in sufficient time for that Party to object to such disclosure, if possible.

Doc ID: 95026ee5e022fc15d9e9c2ad16293d4acc808e07

Each Party agrees to provide a copy of this Agreement to any recipient identified in this paragraph to whom information concerning this Agreement is disclosed. The recipient shall be bound by this confidentiality provision and the disclosing Party shall be liable for any breaches of confidentiality by persons to whom it has disclosed information about this Agreement in accordance with this paragraph. Nothing contained in this paragraph shall prevent any Party from stating that the Parties have "amicably resolved all differences," provided, however, that in so doing, the Parties shall not disclose the fact or amount of any payments made or to be made hereunder and shall not disclose any other terms of this Agreement or the settlement described herein.

7. **Non-disparagement.**

The Parties agree that, unless required to do so by legal process, they and their respective officers and directors will not make any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about the other Party or any person or entity affiliated with the other Party.

For purposes of this paragraph, a disparaging statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character, or product quality of the person or entity to whom the communication relates. This non-disparagement provision is material to this Agreement and its violation shall constitute a breach of this Agreement.

8. **Agreement is Legally Binding.**

The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective parents, subsidiaries, affiliates, predecessors, successors, and assigns/successors, assigns, executors, administrators, heirs, and estates.

9. **Entire Agreement.**

This Agreement, including the recitals, constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Each Party acknowledges that in entering into this Agreement, it has not relied on any promise, representation, or warranty not contained in this Agreement.

10. **Modification.**

No modification of this Agreement shall be binding unless in writing and signed by each of the Parties hereto.

11. **New or Different Facts: No Effect.**

Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact

Doc ID: 95026ee5e022fc15d9e9c2ad16293d4acc808e07

different from that which either Party now knows or believes to be true.

12. **Interpretation, Severability, and Enforcement**.

(a) **Interpretation**. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpreting its terms. The Parties agree that they participated equally in drafting and negotiating the terms of this Agreement and that this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

(b) **Severability**. Should any provision of this Agreement be declared or be determined by any court to be illegal, invalid, or unenforceable, the validity of the remaining parts, terms, or provisions shall not be affected thereby and the illegal, invalid, or unenforceable part, term, or provision shall be deemed not to be a part of this Agreement.

(c) **Enforcement**. Nothing in this Agreement shall be construed as, or constitute, a release of any Party's right to enforce the terms of this Agreement.

13. **Choice of Law and Forum**.

(a) **Choice of Law**. This Agreement and all related documents including all exhibits attached hereto, and all matters arising out of or relating to this Agreement, whether sounding in contract, tort, or statute are governed by, and construed in accordance with, the laws of Florida (including its statutes of limitation), without giving effect to the conflicts of laws provisions thereof to the extent such principles or rules would require or permit the application of the laws of any jurisdiction other than those of Florida.

(b) **Choice of Forum**. Each Party irrevocably and unconditionally agrees that it will not commence any action, litigation, or proceeding of any kind whatsoever against any other party in any way arising from or relating to this Agreement and all contemplated transactions, including, but not limited to, contract, equity, tort, fraud, and statutory claims, in any forum other than the state or federal courts of Florida located in Dade County. Each Party irrevocably and unconditionally submits to the exclusive jurisdiction of such courts. Each Party agrees that a final judgment in any such action, litigation, or proceeding is conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

14. **Dispute Resolution – Court Proceeding**.

Any claim or action arising out of or relating to this Agreement, or an alleged breach thereof, shall be brought in the state or federal courts of Florida located in Dade County, in accordance with Section 14(b), above. Should any such action or other proceeding be brought, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs, including post-judgment attorneys' fees and costs, incurred in connection with that claim or action. Should any claim or action be brought that is barred by the terms of this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs, including post-judgment attorneys' fees and costs, incurred in connection with that claim or action.

15. **Notice**.

Doc ID: 95026ee5e022fc15d9e9c2ad16293d4acc808e07

Each Party shall deliver all notices, requests, consents, claims, demands, waivers, and other communications under this Agreement (each, a "Notice") in writing and addressed to the other Party at its address set out below (or to any other address that the receiving Party may designate from time to time in accordance with this section). Each Party shall deliver all Notices by personal delivery, nationally recognized overnight courier (with all fees prepaid), email (with confirmation of transmission), or certified or registered mail (in each case, return receipt requested, postage prepaid). Except as otherwise provided in this Agreement, a Notice is effective only (a) upon receipt by the receiving Party; and (b) if the Party giving the Notice has complied with the requirements of this Section. The Parties shall deliver any Notice at least seven (7) days before the event addressed by the Notice unless it is impossible to do so or a longer period is required by other terms of this Agreement.

|  |  |
|---|---|
| If to Defendants: | c/o Eduardo A. Maura, Esq.<br>**Ayala Law, P.A.**<br>2490 Coral Way, Ste 401<br>Miami, FL 33145<br>Email: eduardo@ayalalawpa.com |
| If to Hernandez: | c/o Zandro Palma, Esq.<br>**The Law Offices of Zandro Palma, P.A.**<br>9100 South Dadeland Blvd.,<br>Suite 1500<br>Miami, FL 33156<br>Email: zep@thepalmalawgroup.com |

16. **Reliance on Own Counsel.**

In entering into this Agreement, each Party acknowledges that:

(a)    It has had the opportunity to seek and rely upon the legal advice of attorneys of its own choosing.

(b)    It fully understands and voluntarily accepts the Agreement's terms based on the consideration set forth in this Agreement and not on any other promises or representations by the other Party or any attorney or other agent or representative of the other Party.

(c)    In deciding to sign this Agreement, it did not rely and has not relied on any oral or written representation or statement by the other Party or any attorney, or other agent or representative of the other Party, including but not limited to any representation or statement about the subject matter, basis, or effect of this Agreement.

17. **Counterparts and Copies.**

This Agreement consists of seven (7) pages. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. Facsimile signatures and signature pages sent by email shall be binding as though they are originals.

Doc ID: 95026ee5e022fc15d9e9c2ad16293d4acc808e07

18. **Effective Date.**

The terms of the Agreement will be effective as of the date set out in the introductory paragraph of this Agreement (the "Effective Date").

**EACH OF THE PARTIES CERTIFIES THAT THEY HAVE READ ALL OF THIS AGREEMENT AND FULLY UNDERSTAND AND AGREE TO EACH OF THE ABOVE TERMS, CONDITIONS, AND PROVISIONS.**

Doc ID: 95026ee5e022fc15d9e9c2ad16293d4acc808e07

**IN WITNESS WHEREOF,** and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the date(s) set forth below.

For Hernandez

_____
Name: Julio L. Hernandez
Title: _____
Dated: 12 / 14 / 2020

For Galenos Medical Center Corp.

_____
María C Eloy (Dec 17, 2020 16:37 EST)
Name: María C Eloy
Title: _____
Dated: Dec 17, 2020

For Maria C. Eloy.

_____
María C Eloy (Dec 17, 2020 16:37 EST)
Name: María C Eloy
Title: _____
Dated: Dec 17, 2020

8